UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA SPENCER,

    Plaintiff,

v.

XPO LOGISTICS,

    Defendant.

_____/

Case No. 17-14084
District Judge Victoria A. Roberts
Magistrate Judge Mona K. Majzoub

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR COMPEL ARBITRATION (Doc. #19)

### I. INTRODUCTION

At issue is whether Plaintiff Tina Spencer ("Spencer") can proceed in federal court on her claim: that Defendant XPO Logistics ("XPO") discriminated against her in violation of both the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, or whether Spencer must proceed to arbitration.

For the reasons below, XPO's motion to dismiss is **GRANTED**.

### II. BACKGROUND

Spencer brought this action under the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964. Spencer filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Her first charge alleged discrimination and retaliation based on age, in violation of the ADEA, arising out of XPO's denial of a pay raise. After reviewing the first charge, the EEOC issued a right to sue letter.

1

In her second charge with the EEOC, Spencer alleges that XPO terminated her employment in retaliation for the first charge. The second charge is still pending; the EEOC continues its investigation.

After filing charges with the EEOC, Spencer brought this action. XPO contends that Spencer's employment agreement contained an arbitration provision that bars her from seeking judicial relief. Spencer does not dispute the plain language of the arbitration provision. Rather, Spencer contends that the arbitration provision is unenforceable because it: (1) does not impose a mutual obligation to arbitrate; (2) does not specify which party is responsible for costs; (3) interferes with the EEOC's jurisdiction and enforcement powers; and (4) provides for arbitration in an unreasonable forum.

### III. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," see Rule 8(a)(2), the statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged. *Id*. This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pled factual allegations. *Id.* The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. DISCUSSION

Spencer contends that the arbitration provision of her employment agreement is unenforceable for several reasons.

### A. A Mutual Obligation to Arbitrate is not a Prerequisite to Enforceability

Spencer first argues that the arbitration provision is unenforceable because it does not impose a mutual obligation to arbitrate. Specifically, Spencer says that the arbitration provision is unenforceable because it mandates that she submit her claims to arbitration, while XPO is free to file an action in court.

Contrary to Spencer's assertions, the Sixth Circuit does not require that an arbitration provision contain mutual obligations. In fact, the Sixth Circuit held that an arbitration provision need not contain mutual obligations "so long as the contract as a whole imposes mutual obligations on both parties." *Ozormoor v. T-Mobile USA, Inc.*, 354 F.App'x 972, 975 (6th Cir. 2009) (citing *Glazer v. Lehman Brothers, Inc.*, 394 F.3d 444, 452–54 (6th Cir. 2005)).

XPO was required to pay Spencer in exchange for her work. There is no doubt that the employment agreement "impose[d] mutual obligations on both parties." *Id.* As such, the arbitration provision cannot be held unenforceable for lack of mutuality.

## B. An Arbitration Provision Need Not Specify Which Party is Responsible for Costs

Spencer next argues that the arbitration provision is unenforceable because it does not address who bears the costs of arbitration. Spencer says that commercial arbitration in North Carolina is cost prohibitive; for example, she contends that the minimum initial filing fee for arbitration under the American Arbitration Association's ("AAA") Commercial Rules is $925. Spencer says that she only makes $700 a month; given that, she says she cannot afford the costs of conducting commercial arbitration in North Carolina, meaning that the arbitration provision would essentially prevent her from vindicating her federal statutory rights.

Spencer grossly overestimates the potential costs associated with arbitration in this instance. Spencer cites to the AAA's Commercial Arbitration Rules; however, her claim would fall under the AAA's Employment/Workplace Fee Schedule. Under that schedule, Spencer's initial filing fee would be capped at $300; moreover, the remainder of the AAA's fees would be paid by the employer. The Employment/Workplace Fee Schedule also allows claimants to apply for a hardship waiver, reduction, or deferral of costs.

Although Spencer contends that travel and lodging costs contribute to cost prohibitive arbitration in North Carolina, the record is completely devoid of actual figures relating to the costs Spencer would incur should arbitration occur. Indeed, Spencer

merely asserts that "the likely costs of arbitration would be measured in the many thousands of dollars."

The fact that an arbitration agreement is silent as to costs is insufficient, on its own, to render that agreement unenforceable. *See Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). Moreover, at this time, "the 'risk' that [plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of the arbitration agreement." *Id*. Indeed, to invalidate this arbitration agreement based on so speculative a risk "would undermine 'the liberal federal policy favoring arbitration agreements.'" *Id*. (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983)). Further, it would also "conflict with [the Supreme Court's] prior holdings that the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Id*.

The arbitration provision cannot be held unenforceable based on costs.

**C. The Arbitration Provision Does Not Interfere with the EEOC's Jurisdiction**

Spencer also contends that this action should not be dismissed because her second EEOC charge is still pending. The EEOC may decide to bring an action on behalf of Spencer; the potential that the EEOC may file suit, Spencer argues, renders the arbitration provision unenforceable as it relates to her second charge, mandating the Court not dismiss this action. Spencer is simply wrong.

As a threshold matter, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. at 24. Further, the United States Supreme Court specifically found that arbitration does not undermine the role of the EEOC in enforcing

5

the ADEA. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28 (1991). In *Gilmer*, the plaintiff argued that his age discrimination claim was not subject to compulsory arbitration because arbitration would interfere with the EEOC's jurisdiction over ADEA claims. *Id.* at 21. The Court disagreed, noting that "nothing in the ADEA indicates that Congress intended that the EEOC be involved in all employment disputes . . . the mere involvement of an administrative agency in the enforcement of a statute is not sufficient to preclude arbitration." *Id.* at 28-29.

It is true, however, that the arbitration provision does not preclude the EEOC from bringing a claim on behalf of Spencer. *See E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 438, 459-60 (6th Cir. 1999) (noting that the EEOC is an individual claimant representing an interest broader than that of a particular plaintiff; while an individual plaintiff may agree to arbitrate, this does not bind the EEOC where the agency is not a party to that agreement).

The *Frank's* Court further clarified the relationship between the EEOC and an individual claimant, noting that:

> Presumably, under *Gilmer,* if an individual subject to an arbitration agreement filed a charge with the EEOC and ultimately received a "right to sue" letter, that individual would have a private cause of action that she waived by her prospective agreement to arbitrate. However, if an individual subject to an arbitration agreement filed a charge with the EEOC and put the EEOC on notice of employment practices violative of Title VII, and the EEOC in turn exercised its right to sue, that individual would no longer possess a private cause of action subject to her prior agreement to arbitrate. Rather, the EEOC would have a cause of action on behalf of that individual and the public interest that would fall outside the arbitration agreement.

*Id.* at 462. Given the Sixth Circuit's interpretation of *Gilmer*, Spencer's argument fails; regardless of whether the EEOC sues on behalf of Spencer, this action must be dismissed. If the EEOC sues, it would bring its own cause of action on behalf of Spencer and the public at large. *Id.* If the EEOC issues a right to sue letter, Spencer would not be able to file suit because she waived that right by agreeing to arbitrate. *Id.* Either way, Spencer does not have a private cause of action that can bypass the arbitration provision.

Dismissal of Spencer's claim does not interfere with the EEOC's jurisdiction. The EEOC is free to file suit on behalf of Spencer should it choose to do so. While the EEOC can avoid the arbitration provision, Spencer cannot.

### D. The Court Cannot Compel Arbitration in the Eastern District of Michigan

Finally, Spencer argues that the arbitration provision is unenforceable because it provides for arbitration in an unreasonable location—Charlotte, North Carolina. Spencer says that arbitration in North Carolina is unreasonable because she lives in Michigan and the events giving rise to the case occurred in Michigan. She argues that the Court should stay this case to allow the parties to proceed with arbitration in the Eastern District of Michigan.

Section 4 of the Federal Arbitration Act provides that a party may petition the Court to order arbitration to proceed "in the manner provided for in such agreement"; however, Section 4 also provides that arbitration shall be within the Court's district. *Alpert v. Alphagraphics Franchising, Inc.*, 731 F.Supp. 685, 689 (D.N.J. 1990). Because the arbitration agreement provides for arbitration in North Carolina, and this Court is in the Eastern District of Michigan, compliance with both provisions of Section 4 is impossible.

7

*Id. See also Econo-Car Intern., Inc. v. Antilles Car Rentals, Inc.*, 499 F.2d 1391, 1394 (3d Cir. 1974) ("In a case like the present . . . Section 4 can create a perplexing dilemma: a district court might not be able to order arbitration strictly in accordance with the terms of the agreement, as one portion of Section 4 seems to require, without contravening a second portion of Section 4.").

Spencer cites *Alpert* in support of her assertion that this Court should stay this action so that the parties can proceed with arbitration in the Eastern District of Michigan. However, in *Alpert*, the United States District Court for the District of New Jersey stayed the action so that the parties could pursue arbitration in a different jurisdiction, in accordance with the terms of their agreement. Importantly, the Court only refrained from dismissing the action because there was a legitimate question concerning whether the defendant waived its right to arbitrate. *Alpert*, 731 F.Supp. at 689. Here, there is no basis on which the arbitration provision could be deemed unenforceable. Moreover, Spencer voluntarily agreed to arbitrate her claims in North Carolina. As such, *Alpert* is inapposite, and this action must be dismissed.

## V. CONCLUSION

For the foregoing reasons, XPO's motion to dismiss is **GRANTED**. Spencer's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS ORDERED**.

s/ Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: December 28, 2018

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Tina Spencer by electronic means or U.S. Mail on December 28, 2018.<br><br>s/Linda Vertriest<br>Deputy Clerk |